UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL HERNANDEZ COJON,

        Petitioner,

    v.

WARDEN, et al.,

        Respondents.

No.  2:26-cv-01222-DAD-CKD (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On March 31, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 2.)  On March 31, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB (E.D. Cal. Mar. 10, 2026), where the undersigned found that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have:  (1) entered the United States

/////

1

without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention.  (Doc. No. 4.)

On April 1, 2026, respondents filed an opposition to the motion for temporary restraining order.  (Doc. No. 6.)  In that opposition, respondents argue in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (*id.* at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents also state in their opposition that they does not oppose resolving the underlying petition for writ of habeas corpus on the current briefing before the court.  (Doc. No. 6 at 1.)

In support of his petition for writ of habeas corpus and motion for a temporary restraining order, petitioner presents evidence of the following.

Petitioner entered the United States on or about April 2006 without inspection.  (Doc. No. 1 at 4.)  On January 28, 2026, petitioner encountered and was detained by immigration authorities.  (*Id.* at 4–5)

The court incorporates and adopts the reasoning set forth in *Quichimbo-Jimenez* and finds that petitioner is not legally detained pursuant to 8 U.S.C. § 1225.  Respondents argue only that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225, an argument which the court has rejected above.  In their opposition, respondents do not identify any alternative statute under which petitioner may be legally detained.  The court therefore finds that petitioner has met his burden to show that his detention pursuant to 8 U.S.C. § 1225 is unlawful and that respondents have not demonstrated that his continued detention is authorized by statute.  Accordingly, the court incorporates its reasoning in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is petitioner's immediate release from custody because respondent has failed to provide authority for petitioner's detention.

/////

/////

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner from respondent's custody on the conditions, if any, he was subject to prior to his detention on January 28, 2026;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226 and its implementing regulations, with the burden at that pre-detention hearing being set by those implementing regulations;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his petition on the merits;

3. The Clerk is directed to serve the California City Detention Center with a copy of this Order; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 2, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3